Davis & Co. vs. Levy.

## No. 679.

### D. DAVIS & CO. vs. S. LEVY, JR.

When an appellee asks for an amendment of the judgment he recognizes the propriety of the appeal, and damages are not allowed.

It was the intention of plaintiffs when depositing a certain amount of money in the hands of defendant, to protect him against paying a bond on which he had become an obligor. Defendant having the money of plaintiffs in hand and having purchased the bond on which he was an obligor, his purchase inured to the benefit of his co-obligors, who had protected him, and is bound to return the surplus over the amount of his purchase. He can not speculate thus on his co-sureties with their funds.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Looney, J. Duncan & Moncure,* for plaintiffs and appellees. *Land & Taylor,* for defendant and appellant.

HOWELL, J. Plaintiffs sue on the following instrument:

"Received, Shreveport, April 29, 1873, of D. Davis & Co., of Louisville, Kentucky, the sum of eight hundred dollars, as follows: A check on B. M. Johnson's bank for five hundred dollars, and a sight draft on Davis & Co. for three hundred dollars, which amount is placed in my hands as security, for which I have signed a certain bond to the sheriff of this parish in a suit No. 8659, D. Davis & Co. against John Scott, for the sum of eight hundred and fifty dollars, and when the said bond is canceled, I will then return to said Davis & Co. said eight hundred dollars.

"(Signed)            .            S. LEVY, JR."

Plaintiffs aver that the condition mentioned has happened by the cancellation of said bond, which is now in possession or control of said Levy.

Defendant denies that said bond has been canceled, and avers that the condition precedent has not happened; that in the said suit of D. Davis & Co. vs. J. K. Scott, plaintiffs attached certain machinery of said Scott, which was sold under order of court on twenty-eighth April, 1873, on twelve-months bond with security; that Davis & Co. by their agent, signed said bond as security for Acker, the purchaser, but, the sheriff requiring a co-surety, said Davis & Co. applied to defendant to become his co-surety on the terms and conditions in said rescript; that said property was turned over by the purchaser to Davis & Co. to indemnify them for their suretyship, and was converted by them to their own use; that the attachment was dissolved, and the suit dismissed, and, plaintiffs not perfecting an appeal, the bond was delivered by order of court to Scott, who sold it to defendant on the nineteenth of June, 1873, with subrogation of all his rights; that at its maturity Acker was dead and insolvent, and Davis & Co. made no effort to pay it; and he prayed in reconvention for judgment against Davis & Co. for the amount thereof. Davis & Co.

answered the reconventional demand, alleging the nullity of the bond,. because the persons acting as sheriff and clerk were intruders into office,. and, if valid, it was extinguished by the purchase by Levy, who can only recover the *pro rata* of the amount paid by him.

Judgment was rendered against defendant for four hundred dollars, the difference between the amount of the deposit in his hands and the amount paid by him for the bond. He appealed, and plaintiffs ask that. the judgment be increased to eight hundred dollars, and, in case it is not increased, that damages be allowed for a frivolous appeal.

Where an appellee asks for an amendment of the judgment, he recognizes the propriety of an appeal, and damages are not allowed. .

We think the district judge did justice between the parties. It was the intention of D. Davis & Co. to protect Levy from paying the bond. Having the money of Davis & Co. in hand, and having purchased the bond on which he was an obligor, the purchase inured to the benefit of his co-obligors, who had protected him, and he is bound to return the surplus over the amount of his purchase. He can not speculate thus on his co-sureties with their funds.

Judgment affirmed.